# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DAVID LOPEZ, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § |
| | § |
| EXPERIAN INFORMATION | § |
| SOLUTIONS, INC., EQUIFAX | § |
| INFORMATION SERVICES, LLC, and | § |
| TRANS UNION LLC, | § |
| | § |
| *Defendants.* | § |

Civil Action No. 4:25-cv-646
Judge Mazzant

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment (the "Motion") (Dkt. #28). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is a Fair Credit Reporting Act ("FCRA") case. Plaintiff contends that sometime in January 2025 he obtained a copy of his consumer report and discovered "inaccurate, incomplete, and unverifiable information" furnished by Defendants Experian Information Solutions, Inc. ("Experian") (Dkt. #1 at ¶ 9). On January 18, 2025, Plaintiff sent a written dispute letter to Experian regarding the completeness and accuracy of his consumer report (Dkt. #1 at ¶ 10). In this dispute letter, Plaintiff identified specific tradelines that needed to be reinvestigated, including three accounts and four inquiries (Dkt. #1-1; Dkt. #29-2).[1]

---

[1]    The Court notes that the consumer report Plaintiff attaches to his response was generated by Experian on June 16, 2025, identified as Report Number 2465-9366-26 (Dkt. #29-2 at pp. 1, 41). Seemingly, this report was requested and generated after Plaintiff's January 18, 2025 dispute letter to Experian, but it includes the three "potentially negative" accounts and the four "hard inquiries" Plaintiff alleges are at issue (Dkt. #29-2).

The Court begins with the three accounts showing as "potentially negative." First, Plaintiff contends that an auto loan with Pentagon Federal Credit Union ("PenFed"), identified as Account No. 338* (hereinafter, the "PenFed Car Loan"), "is reporting as a charge off with a balance of $129,923.00," which is inaccurate, and "the late payment history for this account is inaccurate and incomplete" (Dkt. #1-1; Dkt. #29-2 at pp. 25–27). Second, Plaintiff alleges that a credit card account also with PenFed, identified as Account No. 430* (hereinafter, the "PenFed Credit Card"), "is reporting inaccurate and incomplete information regarding late payment history" (Dkt. #1-1; Dkt. #29-2 at pp. 23–25). Third, Plaintiff asserts that another auto loan with at PNC Bank, identified as Account No. 600* (hereinafter, the "PNC Car Loan"), inaccurately reports "late payment history" and the "balance information and monthly payment information relating to this account is incomplete" (Dkt. #1-1; Dkt. #29-2 at pp. 27–28).

The Court continues with the four "hard inquiries" in Plaintiff's consumer report. Plaintiff takes issue with the following inquiries, which he alleges he "did not authorize": (1) Medallion Bank inquired on July 31, 2023, regarding a secured loan (the "Medallion Bank Inquiry"); (2) Merrick Bank inquired on July 31, 2023, for an unspecified reason (the "Merrick Bank Inquiry"); (3) Microbilt inquired on June 3, 2024, regarding an auto loan on behalf of Luxury Lease Partners (the "Microbilt Inquiry"); and (4) Nowcome/Vision Hankook MO inquired on February 13, 2024, regarding an auto loan (the "Newcome Inquiry") (Dkt. #1-1; Dkt. #29-2 at pp. 28–29).

Plaintiff alleges that despite receiving his January 18, 2025 dispute letter, Experian continued to report false information (Dkt. #1 at ¶ 13). And Experian "transmitted Plaintiff's dispute to the furnisher of the information and provided all relevant disputed information" (Dkt. #1 at ¶ 14). As a result of Experian's conduct, Plaintiff alleges he has suffered damages, "including

2

but not limited to economic loss, being denied credit or being granted credit with a much higher interest rate, severe humiliation, emotional distress, frustration, anxiety and mental anguish" (Dkt. #1 at ¶ 18).

On June 16, 2025, Plaintiff filed suit against Experian under the FCRA, seeking actual, statutory, and punitive damages (Dkt. #1). Plaintiff alleges that Experian violated 15 U.S.C. §§ 1681e, 1681g, and 1681i.[2] On March 6, 2026, Experian filed the instant Motion, requesting that the Court enter summary judgment in its favor and dismiss all of Plaintiff's claims with prejudice (Dkt. #28). On March 27, 2026, Plaintiff responded (Dkt. #29). On April 6, 2026, Experian replied (Dkt. #30). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I.    Fair Credit Reporting Act

Congress enacted the FCRA in 1970, and provided the following statement of purpose:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

---

[2] Specifically, Plaintiff asserts the following claims for relief in his Complaint: (1) Experian violated 15 U.S.C. § 1681e(b) because it failed to follow reasonable procedures to assure maximum possible accuracy when preparing Plaintiff's consumer report (Dkt. #1 at ¶¶ 20–23); (2) Experian failed to comply with the requirements in 15 U.S.C. § 1681g to provide a full file disclosure to Plaintiff (Dkt. #1 at ¶¶ 25–29); (3) Experian violated 15 U.S.C. § 1681i(a)(2) by failing to consider and forward all relevant information to the furnisher of information (Dkt. #1 at ¶¶ 31–36); (4) Experian violated 15 U.S.C. §1681i(a)(4) because it failed to delete information that was inaccurate or could not be verified (Dkt. #1 at ¶¶ 38–41); (5) Experian violated 15 U.S.C. § 1681i(a)(5) because it (a) failed to reinvestigate the inaccurate tradelines on Plaintiff's consumer report, (b) failed to find it to be inaccurate, and (c) failed to promptly notify the furnishers of information that the information was deleted from Defendant's file of Plaintiff (Dkt. #1 at ¶¶ 43–47); (6) Experian violated 15 U.S.C. § 1681i(a)(6)(B)(iii) by failing to have a procedure to prevent giving false information upon reinvestigation; and (7) Experian violated 15 U.S.C. § 1681i(a)(7) by failing to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information (Dkt. #1 at ¶¶ 54–57).

3

15 U.S.C. § 1681(b).

To fulfill that purpose, the FCRA imposes civil liability when a consumer reporting agency ("CRA") or furnisher of information negligently or willfully violates the FCRA's provisions. 15 U.S.C. §§ 1681n, 1681o. The FCRA "is to be liberally construed in favor of the consumer." *Wagner v. TRW, Inc.*, 139 F.3d 898 (5th Cir. 1998) (per curiam) (unpublished) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)).

## II.    Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or

4

defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hou. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (citation modified). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## ANALYSIS

Experian argues it is entitled to summary judgment on all of Plaintiff's claims under § 1681g, § 1681e(b), and § 1681i of the FCRA. It is. The Court will address the following arguments Experian makes in its Motion: (1) "Plaintiff's § 1681g claim fails because he did not request a disclosure in his dispute letter and there is no other evidence that he requested a disclosure and one was not provided"; and (2) "Plaintiff's § 1681e(b) and § 1681i claims fail because there is no

objectively verifiable inaccuracy here, just a legal dispute," and "Plaintiff has no evidence of a factual inaccuracy" (Dkt. #28 at pp. 12–13). Ultimately, the Court finds that Experian is entitled to summary judgment as to all of Plaintiff's FCRA claims.

## I.    Plaintiff's § 1681g Claim

The FCRA provides that "consumer reporting agencies must, upon request, disclose to the consumer '[a]ll information in the consumer's file at the time of the request.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 418 (2021) (quoting 15 U.S.C. § 1681g(a)(1)).

Here, Plaintiff alleges Experian negligently or willfully violated § 1681g by failing "to provide a full file disclosure to Plaintiff" (Dkt. #1 at ¶ 25). Experian argues Plaintiff's § 1681g claim "fails as a matter of law" for the following reasons:

> There is no dispute that Plaintiff did not make a request for a full file disclosure from Experian. Plaintiff has no evidence he requested his file from Experian. He produced no letter or email to Experian requesting his file or a disclosure. Plaintiff did not even testify that such a communication existed at his deposition. Instead, Plaintiff argues that his request was *implied* in the dispute letter he sent to Experian on January 18, 2025. . . . Without a "request" for a disclosure, as § 1681g requires, Plaintiff's claim fails.

(Dkt. #28 at pp. 13–14).

In his response to Experian's Motion, Plaintiff does not address Defendant's argument that he never made a "request for a full file disclosure"; instead, Plaintiff argues a fact issue exists as to the *adequacy* of the "disclosure," referring to the consumer report Experian generated and provided to Plaintiff on June 16, 2025, which Plaintiff attaches to his response (Dkt. #29 at p. 8; Dkt. #29-2). In its reply, Experian argues that Plaintiff's attempt "to pivot" his § 1681g claim to an "adequacy-of-disclosure theory" regarding the June 16, 2025 *consumer report* does not defeat defeat Experian's position that Plaintiff has "no evidence of a request made to Experian for his *file* (and admits he made no such request); he has no evidence of what he received (or did not receive) in

6

response from Experian; and he has no evidence of what information was supposedly missing from any disclosure" (Dkt. #30 at pp. 7, 15–16 (emphasis added)). The Court agrees.

In the January 18 dispute letter Plaintiff attached to his Complaint and to his response to Experian's Motion, the Court cannot find a line in which Plaintiff made a request to Experian for a "full file disclosure" (Dkt. #1-1; Dkt. #29-1). Thus, Experian could not have "failed to comply with the requirements of 15 U.S.C. § 1681g to provide a full file disclosure to Plaintiff" (Dkt. #1 at ¶ 25), if Plaintiff never made the relevant request under § 1681g(a)(1)). Moreover, Experian notes that Plaintiff's own sworn testimony confirms that no such request was made (Dkt. #28 at pp. 51–52). In looking at his deposition, the Court notes that Plaintiff merely states the request was "literally implied" (Dkt. #28-1 at p. 52). Plaintiff offers no legal authorities where a court has held that an "implied" request was sufficient to assert a § 1681g claim against a consumer reporting agency for failing to disclose all information in the consumer's file. Seemingly, Plaintiff's dispute centers on the adequacy of the July 16, 2025 consumer report, which was generated months after his January 18, 2025 dispute letter to Experian. Without showing Plaintiff made an express request for "[a]ll information in the consumer's file," the adequacy of his July 16, 2025 consumer report cannot be the basis of his § 1681(g) claim.

Accordingly, because there is no evidence supporting Plaintiff's allegation that Experian failed to make a full file disclosure upon his request, Experian is entitled to summary judgment on Plaintiff's § 1681g claim.

## II.    Plaintiff's § 1681e(b) and § 1681i Claims

Under the FCRA, 15 U.S.C. § 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

Then, 15 U.S.C. § 1681i governs the requirements a consumer reporting agency must meet when a consumer disputes the accuracy of the information in their credit file.

Here, Plaintiff alleges Experian negligently and willfully violated § 1681e by failing to follow reasonable procedures when preparing his consumer report (Dkt. #1 at ¶ 20), as well as § 1681i by failing to comply with the reinvestigation requirements, failing to delete information that was inaccurate or unverifiable, failing to promptly notify the furnishers of information, failing to have a procedure in place to prevent the reoccurrence of inaccurate or unverifiable information, failing to have a procedure in place "to prevent giving false information upon re-investigation," and failing to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information (Dkt. #1 at ¶¶ 31, 38, 43–44, 49, 54).

Experian argues both claims fail because Plaintiff cannot meet the threshold requirement of demonstrating that the relevant credit report information was inaccurate (Dkt. #28 at p. 15). The Fifth Circuit has addressed this issue: plaintiffs asserting FCRA claims under § 1681e and § 1681i must first demonstrate that the credit information was inaccurate. *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("Courts applying § 1681e(b) uniformly limit recovery to cases where the failure to follow procedures causes actual harm (i.e., release of an *inaccurate* report) to the consumer." (emphasis added)); *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 286 (5th Cir. 2025) ("We join the other circuits in concluding that *inaccuracy* is a threshold requirement for § 1681i claims." (emphasis added)). Specifically, in making that holding with respect to § 1681i claims, the Fifth Circuit reasoned that "Congress enacted the FCRA to protect consumers from the transmission of *inaccurate* credit information." *Reyes*, 140 F.4th at 286 (emphasis added). Thus, "without a showing that the reported information was in fact inaccurate,

a claim brought under § 1681i must fail." *Id.* (internal quotations marks omitted) (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) (collecting cases)).

Experian argues the purported inaccuracies Plaintiff identified in his January 18, 2025 dispute letter are actually "legal disputes" with Plaintiff's creditors and are not "objectively verifiable inaccuracies" (Dkt. #28 at pp. 16–17). Experian further argues Plaintiff has not and cannot make a showing that the reported information was inaccurate (Dkt. #28 at pp. 19–23). Again, Plaintiff identified the following "inaccurate or incomplete credit [account] information":

1. The PenFed Car Loan's account status, written off balance, and late payment history;

2. The PenFed Credit Card's late payment history; and

3. The PNC Car Loan's late payment history and balance

(Dkt. #1-1).[3]

"Generally, an item of information is 'inaccurate' within the meaning of the FCRA 'either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Reyes*, 140 F.4th at 285 (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)); *see also Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020). Regarding § 1681i, the Fifth Circuit has stated that "the

---

[3] In addition to the purported inaccuracies regarding these three accounts, Plaintiff also alleged that he did not authorize the following "hard inquiries" that appear on his consumer report: (1) the Medallion Bank Inquiry; (2) the Merrick Bank Inquiry; (3) the Microbilt Inquiry; and (4) the Newcome Inquiry (Dkt. #1-1). The Court finds that these purportedly "unauthorized" inquiries are irrelevant to the instant Motion. The FCRA "prohibits a person from using or obtaining a consumer report for any purpose not authorized by 15 U.S.C. § 1681b." *Black v. Trans Union, L.L.C*, No. CV H-09-0726, 2009 WL 10719774, at *2 (S.D. Tex. Oct. 6, 2009). 15 U.S.C. § 1681b provides: "any consumer reporting agency may furnish a consumer report . . . to a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." However, Plaintiff did not plead Experian violated 15 U.S.C. § 1681b; accordingly, any dispute against Experian related to these "unauthorized" inquiries are not relevant to his claims under 15 U.S.C. §§ 1681e(b) or 1681i.

alleged inaccuracy reported by the consumer reporting agency must first be 'sufficiently objectively verifiable' to be actionable under the FCRA." *Id.* at 288 (quoting *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 267 (2d Cir. 2023)).

According to Experian, because "all three accounts involve legal disputes that are not objectively verifiable, Plaintiff's claims under §§ 1681e(b) and 1681i fail as a matter of law" (Dkt. #28 at p. 18). Further, Experian argues that "Plaintiff has produced no evidence, beyond his own conclusory assertions, that any of Experian's reporting was inaccurate" (Dkt. #28 at p. 19). For the reasons set forth below, the Court agrees.

First, regarding the PenFed Car Loan account, Plaintiff has not brought forth any evidence showing he made timely payments, demonstrating the accurate balance, or contradicting its charge-off status. Second, regarding the PenFed Credit Card account, Plaintiff has produced no evidence that he made timely payments. Experian argues that Plaintiff's allegation that the information attributed to the PenFed Car Loan and the PenFed Credit Card accounts is inaccurate or incomplete stems from Plaintiff's *tortious* legal dispute with the PenFed (Dkt. #28 at p. 17). Specifically, Experian directs the Court to Plaintiff's deposition testimony in which he discusses the threats he made to sue PenFed, which resulted in their allegedly retaliatory conduct towards him by furnishing false information (Dkt. #28 at pp. 17–18; Dkt. #28-1 at pp. 14, 17). Third, regarding the PNC Car Loan, Plaintiff has no evidence documenting his timely payments or the accurate account balance. Experian similarly argues that Plaintiff's allegation that the information attributed to the PNC Car Loan is inaccurate or incomplete stems from Plaintiff's *contractual* legal dispute with PNC Bank (Dkt. #28 at p. 18). Again, Experian directs the Court to Plaintiff's deposition testimony in which he claims he had a forbearance agreement with the bank that was

not upheld (Dkt. #28 at p. 18; Dkt. #28-1 at pp. 28–29). The Court agrees with Experian that Plaintiff's dispute, at its core, is a legal dispute with PenFed and PNC Bank.

"The paradigmatic example of a legal dispute is when a consumer argues that although his debt exists and is reported in the right amount, it is invalid due to a violation of law." *Reyes v. Equifax Info. Servs., LLC*, No. 421CV00639SDJAGD, 2023 WL 7272368, at *6 (E.D. Tex. Sept. 14, 2023) (quoting *Chuluunbat v. Experian Info. Solutions, Inc.*, 4 F.4th 562, 567 (7th Cir. 2021)), *report and recommendation adopted*, No. 4:21-CV-639-SDJ, 2024 WL 1308000 (E.D. Tex. Mar. 27, 2024), *aff'd* 140 F.4th 279 (5th Cir. 2025). Various courts have held that "a consumer may not use § 1681i's reinvestigation procedures to collaterally attack the validity of a reported debt." *Reyes*, 140 F.4th at 287 (collecting cases). The Fifth Circuit has said as much: "[b]ecause consumer reporting agencies lack the authority to adjudicate legal disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id.* (citation modified). Thus, "consumer reporting agencies are not required to investigate the legal validity of disputed debts under the FCRA." *Id.* at 288.

In his response, Plaintiff argues that "Experian's attempt to characterize Plaintiff's claims as purely legal disputes with furnishers does not resolve whether the information it reported was accurate or misleading, which is the relevant inquiry under the FCRA" (Dkt. #29 at p. 6). Plaintiff maintains that "[a] reasonable jury could conclude that incomplete payment histories, inconsistent balances and contradictory account statuses create a misleading impression of Plaintiff's creditworthiness" (Dkt. #29 at p. 6). Again, Plaintiff attaches his January 18, 2025 dispute letter and the June 16, 2025 consumer report Experian generated, neither of which demonstrates the inaccuracy nor incompleteness of the information in his consumer report regarding the PenFed Car

Loan, PenFed Credit Card, or PNC Car Loan accounts (Dkt. #29-1; Dkt. #29-2). Besides his own deposition testimony, Plaintiff has not identified any evidence demonstrating the inaccuracy or incompleteness of his consumer report. That alone is insufficient to survive summary judgment. *See United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) ("[S]elf-serving allegations are not the type of significant probative evidence required to defeat summary judgment" (citation modified)).

Accordingly, because Plaintiff cannot meet the threshold requirement of demonstrating that the relevant credit report information was inaccurate, Experian is entitled to summary judgment on Plaintiff's § 1681e(b) and § 1681i claims.

\* \* \*

Because no evidence supports Plaintiff's allegation that Experian failed to make a full file disclosure upon request, Experian is entitled to summary judgment on Plaintiff's § 1681g claim. Further, because no genuine dispute of material fact exists regarding any actionable inaccuracy in Plaintiff's consumer report or the reasonableness of Experian's procedures, Experian is entitled to summary judgment on Plaintiff's claims under §§ 1681i and 1681e(b). Based on the foregoing, summary judgment as to all of Plaintiffs' claims is appropriate in this case.

## CONCLUSION

It is therefore **ORDERED** that Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment (Dkt. #28) is hereby **GRANTED**, and Plaintiff David Lopez's claims against Defendant Experian Information Solutions, Inc. are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

12

**SIGNED this 11th day of June, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE